IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:13-CV-00178-BR

TRACY R. LEWCHUK,              )
       Plaintiff,              )
                                         )
    v.              )              ORDER
                                         )
RICHARD R. LEWCHUK, et al.,              )
       Defendants.              )
                                         )

This action is before the court on plaintiff's motion to voluntarily dismiss this suit

pursuant to Fed. R. Civ. P. 41(a)(2).  (DE # 16.)

On 30 July 2013, plaintiff, a North Carolina citizen, initiated this action ("First Lawsuit")

in New Hanover County District Court, North Carolina, against Richard and Christine Lewchuk

regarding ownership of certain real property.  (Compl., DE # 1-1.)  Defendants are the parents of

plaintiff's husband and are citizens of South Carolina.  (Id. ¶¶ 2-4; Ans., DE # 10, at 6.)  On 20

September 2013, plaintiff filed another lawsuit ("Second Lawsuit") in New Hanover County

District Court, this time joining her husband (a North Carolina citizen) in the action and stating

independent claims against him.  See Lewchuk v. Lewchuk, Case No. 7:13-CV-00238-BR

(E.D.N.C.) (Compl., DE # 1-1).  Defendants removed both actions to this court.  (DE # 1;

Lewchuk, Case No. 7:13-CV-00238-BR (DE # 1).)

On 11 September 2013, after defendants had removed this action, plaintiff attempted to

dismiss this action by filing a Notice of Voluntarily Dismissal with the state court.  (DE # 16.)

Defendants filed their answer and counterclaims in this action with this court two days later, on

13 September 2013.  (DE # 10.)  Plaintiff filed the instant motion to dismiss on 25 November

2013.  (DE # 16.)  Defendants filed a response in opposition on 16 December 2013.  (DE # 19.)

Apart from the addition of claims against her husband, plaintiff's complaints in the First

Lawsuit and the Second Lawsuit are virtually identical, (DE # 1-1; Lewchuk, Case No. 7:13-CV-

00238-BR (DE #1-1)), as are defendants' counterclaims in each case, (DE # 10; Lewchuk, Case

No. 7:13-CV-00238-BR (DE #16)).  Despite their contention that "[p]laintiff wants to strip

[them] of their ability to assert [their] counterclaim in federal court and force them to defend

domestic litigation in state court," (DE # 19 at 3), defendants do not argue that allowing

plaintiff's motion to dismiss would result in legal prejudice to them.  See Ellett Bros., Inc. v.

U.S. Fid. & Guar. Co., 275 F.3d 384, 388 (4th Cir. 2001) ("A plaintiff's motion to voluntarily

dismiss a claim should not be denied absent plain legal prejudice to the defendant."); Davis v.

USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987) ("The purpose of Rule 41(a)(2) is freely to

allow voluntary dismissals unless the parties will be unfairly prejudiced."); see also Hamilton v.

Firestone Tire & Rubber Co., 679 F.2d 143, 146 (9th Cir. 1982) ("The very purpose of Rule

41(a)(2) is to allow a District Court, in its discretion, to dismiss an action without prejudice even

after responsive pleadings have been filed by the defendant.").  Defendants' argument rests on

the notion that plaintiff wishes to dismiss the present case so that the Second Lawsuit, in which

she joined her non-diverse husband, can be remanded and plaintiff can then pursue her claims in

state court.  (DE # 19.)  However, without more, this is not a basis to deny a motion to dismiss

under Rule 41(a)(2).  See Smith v. Lenches, 263 F.3d 972, 976 (9th Cir. 2001) ("[L]egal

prejudice does not result merely because the defendant will be inconvenienced by having to

defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal.");

Mercer Tool Corp. v. Freidr. Dick GmbH, 175 F.R.D. 173, 176 (E.D.N.Y. 1997) (allowing

voluntary dismissal because, among other reasons, "[the plaintiff] brings this motion in order to

add a non-diverse party defendant, a permissible objective.  In addition, as previously stated, this

lawsuit is in its initial stages, and involves state law claims which [] no doubt will be the basis of

any state court litigation."); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and

Procedure § 2364 (3d ed. 2008) ("A dismissal without prejudice has been allowed in a removed

action so that the plaintiff might start anew in a state court with a restructured action that might

avoid a second removal . . . .").

Defendants would not be unfairly prejudiced by dismissal of this action.  As noted above,

they have already realleged identical counterclaims in another case which is currently pending

before this court.  "Under the peculiar circumstances of these cases, therefore, dismissing the . . .

claims in [the First Lawsuit] would be theoretically indistinguishable from retaining them on the

docket but consolidating them with the identical claims in" the Second Lawsuit.  Gutierrez v.

Champion Sav. Ass'n, 727 F. Supp 1088, 1090 (S.D. Tex. 1989).  Thus, plaintiff's motion to

dismiss is GRANTED, and this action is DISMISSED WITHOUT PREJUDICE.  The clerk is

DIRECTED to close the case.

This 24 February 2014.

_____
W. Earl Britt
Senior U.S. District Judge

3